IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **HONG LIN,** | * |
| Plaintiff, | * |
| v. | *   Case No.: GJH-22-1131 |
| **ALEJANDRO MAYORKAS,** *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Pro Se Plaintiff Hong Lin brings this civil action against Defendants Secretary of Homeland Security Alejandro Mayorkas, and United States Attorney General Merrick Garland, seeking an order requiring Defendants to adjudicate her I-601A application in a timely manner. Pending before the Court is Defendants' Motion to Dismiss or in the Alternative for Summary Judgment. ECF No. 9. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendants' motion is granted.

**I.   STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Federal courts have an "obligation to liberally construe a pro se [c]omplaint." *Rush v. Am. Home Mortg., Inc.*, 2009 WL 4728971, at *3 (D. Md. Dec. 3, 2009).

Defendants' Motion is styled as a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. If the Court considers materials outside the pleadings, the Court must treat a motion to dismiss as one for summary judgment. Fed. R. Civ. P. 12(d). When the Court treats a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* When the moving party styles its motion as alternatively seeking dismissal or summary judgment and attaches additional materials, as is the case here, the nonmoving party is, of course, aware that materials outside the

pleadings are before the Court, and the Court can treat the motion as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998).

Summary judgment is appropriate if "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," Fed. R. Civ. P. 56(c), show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment bears the burden of demonstrating that no genuine dispute exists as to material facts. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). If the moving party demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify specific facts showing that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 322–23. A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). When ruling on a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

While the Court may rule on a motion for summary judgment prior to commencement of discovery, *see, e.g.*, *Demery v. Extebank Deferred Comp. Plan (B)*, 216 F.3d 283, 286 (2d Cir.

2000), Federal Rule of Civil Procedure 56(d) "mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition," *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014) (internal citation and quotation marks omitted). "To obtain Rule 56(d) relief, the non-moving party bears the burden of showing how discovery could possibly create a genuine issue of material fact sufficient to survive summary judgment or otherwise affect the court's analysis." *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 411 (4th Cir. 2015).

## II.  DISCUSSION

Plaintiff filed her Complaint against Alejandro Mayorkas and Merrick Garland on May 10, 2022. ECF No. 1. In her Complaint, Plaintiff states that "on December 14, 2020, USCIS received [her] I-601A Application for Provisional Unlawful Presence Waiver[.]" *Id.* at 4.[1] Plaintiff is requesting an order that Defendants "adjudicate [her] 1-601A application in a timely manner." *Id.* Defendants argue that this Court lacks subject matter jurisdiction, and that Plaintiff has failed to state a plausible claim for relief. ECF No. 9-1 at 1. The Court agrees.

### A.  Subject Matter Jurisdiction

A defendant may move to dismiss a claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction . . . [and] may only adjudicate a case if it possesses the 'power authorized by constitution and statute.'" *Thornton v. Cindy*, No. CV ELH-22-2610, 2022 WL 13725854, at *1 (D. Md. Oct. 20, 2022) (citing *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "On a Rule 12(b)(1) motion, the plaintiff bears the burden of proving that subject matter jurisdiction exists."

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

*Chang Lim v. Azar*, 310 F. Supp. 3d 588, 598 (D. Md. 2018). "[I]f a party seeks to proceed in federal court, [s]he 'must allege and, when challenged, must demonstrate the federal court's subject matter jurisdiction over the matter.'" *Thornton*, 2022 WL 13725854, at *1 (quoting *Hanna*, 750 F.3d at 432).

Plaintiff's Complaint fails to identify a basis for subject-matter jurisdiction and Plaintiff did not file a response to Defendants' Motion to Dismiss. Thus, the Court must dismiss the Complaint for lack of subject-matter jurisdiction.

### B. Failure to State a Claim

Even if this Court were to presume it had subject matter jurisdiction over Plaintiff's claims, it would still fail for failure to meet the pleading requirements of Rule 12(b)(6). Plaintiff states that USCIS received her I-601A application on December 14, 2020, and as of May 10, 2022, they had not adjudicated her application. ECF No. 1 at 4. She requests that Defendants "adjudicate her application in a timely manner." *Id.* The time-period between USCIS receiving her application and Plaintiff filing her complaint is seventeen months. The USCIS website provides that "80% of cases are completed within 32 months[.]"[2] The website goes on to state that:

> We generally process cases in the order we receive them. This processing time is based on how long it took us to complete 80% of adjudicated cases over the past six months. Each case is unique, and some cases may take longer than others. Processing times should be used as a reference point, not an absolute measure of how long your case will take to be completed.[3]

As such, even if this Court were to assume that seventeen months was outside the processing time referenced by the USCIS website, USCIS itself does not guarantee that all applications will

---

[2] USCIS Processing Times, https://egov.uscis.gov/processing-times/ (last accessed November 10, 2022). The Court notes that the Defendants motion states 27 months, which may have been the current processing time shown at the time the Defendants filed the instant motion.
[3] USCIS Processing Times, https://egov.uscis.gov/processing-times/ (last accessed November 10, 2022).

be adjudicated within the indicated timeframe. Nor does Plaintiff provide any other basis by which the Court could find that Defendants are obligated to adjudicate her application within a specific time frame. Without such factual allegations to support a claim that USCIS was required to adjudicate her application within a specified timeframe, or any factual allegations to support a plausible claim of undue or unreasonable delay, Plaintiff's claims must be dismissed. *See Iqbal*, 556 U.S. at 678 ("[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, even with the liberal pleading standard given to Pro Se Plaintiff's, Plaintiff has failed to plead any facts to support her claim and has therefore failed to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion is granted. A separate Order follows.


Date: <u>December 21, 2022</u>            __/s/_____
                                           GEORGE J. HAZEL
                                           United States District Judge